IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **MARTIAL FOTSE,** : | |
| : | |
| Plaintiff, : | **CIVIL ACTION FILE NO.** |
| : | **1:18-CV-03181-ODE-AJB** |
| v. : | |
| : | |
| **LENDINGHOME FUNDING** : | |
| **CORPORATION and** : | |
| **LENDINGHOME** : | |
| **MARKETPLACE, LLC,** : | |
| : | |
| Defendants. : | |

### UNITED STATES MAGISTRATE JUDGE'S
### FINAL REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, submitted an affidavit to proceed *in forma pauperis* ("IFP") and his initial complaint on July 2, 2018. [Doc. 1]. The undersigned reviewed the application and found that, it could was "unable to determine whether Plaintiff is unable to pay the costs of this proceeding or give security therefore" and ordered him to wither pay the filing fee or file an amended IFP application and a new complaint within 14 days. [Doc. 2]. The Order also expressly advised Plaintiff that "[f]ailure to timely comply with this Order will result in a recommendation to the District Judge that this case be dismissed." [*Id*. at 12].

More than 14 days have passed, and Plaintiff has not complied with the Order or otherwise responded. (*See* Dkt.).

The Local Rules authorize the Court to dismiss a civil case for want of prosecution if the plaintiff, after notice, fails to obey a lawful order. LR 41.3(A)(2), NDGa. As noted above, Plaintiff has not complied with the Court's Order, nor has he made any attempt to explain his failure to comply or to request an extension of time. (*See* Dkt.).

A district court may dismiss a complaint for failure to comply with a court order or the federal rules. *Skillern v. Ga. Dep't of Corrs. Com'r*, 379 Fed. Appx. 859, 860 (11th Cir. May 17, 2011). *See* Fed. R. Civ. P. 41(b); LR 41.3(A)(2), NDGa; *see also McIntosh v. Gauthier*, 182 Fed. Appx. 884, 886 (11th Cir. May 17, 2006) (stating that Federal Rule of Civil Procedure 41(b) allows a court to dismiss a complaint for failure to comply with a court order, with the federal rules or with the local rules); *Sussman v. Salem, Saxon, and Nielson*, 154 F.R.D. 294, 300 (M.D. Fla.1994) (dismissal appropriate for failure to obey a direct order of the court). "Dismissal is generally not an abuse of discretion when the litigant has been forewarned." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (same). *Sua sponte* dismissal is appropriate "to

prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quotation omitted).

Plaintiff now has failed to comply with a lawful Order of the Court, despite having passed since the deadline to comply with the Order.

Accordingly, the undersigned **RECOMMENDS** that, pursuant to Local Rule 41.3(A)(2), Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**; and **DIRECTS** the Clerk then to terminate the referral to the undersigned.

**IT IS SO ORDERED, RECOMMENDED, and DIRECTED**, this the 6th day of November, 2018.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)